# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JEFFERY DYE,**

       **Petitioner,**                  Case Number: 07-CV-11897
                                                    HONORABLE DENISE PAGE HOOD

**v.**

**SHERRY BURT,**

       **Respondent.**
_____/

## ORDER DENYING PETITIONER'S MOTION FOR BAIL
## PENDING THE DECISION ON HIS PETITION FOR
## A WRIT OF HABEAS CORPUS

### I.

This is a habeas corpus proceeding brought by a state prisoner, Jeffery Dye ("Petitioner"), pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan. Petitioner filed his *pro se* petition on April 30, 2007. Respondent's response is due on June 29, 2007. Presently pending before the Court is Petitioner's motion for bail pending a decision on his petition for a writ of habeas corpus, filed on June 15, 2007. The Court denies Petitioner's motion for bail for the following reasons.

### II.

Petitioner was convicted of felony murder and felony firearm in 1980. The judge sentenced Petitioner to life imprisonment without the possibility of parole. One of Petitioner's arguments in his habeas petition is a claim of actual innocence. On that basis, Petitioner is requesting bail.

**III.**

To receive bail/bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson, supra* at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F. 2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances. The *Dotson* Court indicated that the power to release a petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Id.* at 79. In light of that decision, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, a prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* at 79 (quoting *Aronson v. May*, 83 S.Ct. 3, 5 (1964). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's motion is perfunctory and states no substantial basis for the extraordinary relief he seeks. Relief, therefore, must await review of the state-court record.

## IV.

Based upon the foregoing, this Court **DENIES WITHOUT PREJUDICE** Petitioner's motion**.**

**IT IS SO ORDERED.**

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: November 1, 2007

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFERY DYE,**

       **Petitioner,**                       Case Number: 07-CV-11897
                                             HONORABLE DENISE PAGE HOOD

**v.**

**SHERRY BURT,**

       **Respondent.**
_____/

### ORDER DENYING PETITIONER'S MOTION FOR BAIL
### PENDING THE DECISION ON HIS PETITION FOR
### A WRIT OF HABEAS CORPUS

**I.**

This is a habeas corpus proceeding brought by a state prisoner, Jeffery Dye ("Petitioner"), pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan. Petitioner filed his *pro se* petition on April 30, 2007. Respondent's response is due on June 29, 2007. Presently pending before the Court is Petitioner's motion for bail pending a decision on his petition for a writ of habeas corpus, filed on June 15, 2007. The Court denies Petitioner's motion for bail for the following reasons.

**II.**

Petitioner was convicted of felony murder and felony firearm in 1980. The judge sentenced Petitioner to life imprisonment without the possibility of parole. One of Petitioner's arguments in his habeas petition is a claim of actual innocence. On that basis, Petitioner is requesting bail.

**III.**

To receive bail/bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson, supra* at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F. 2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances. The *Dotson* Court indicated that the power to release a petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Id.* at 79. In light of that decision, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, a prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* at 79 (quoting *Aronson v. May*, 83 S.Ct. 3, 5 (1964). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's motion is perfunctory and states no substantial basis for the extraordinary relief he seeks. Relief, therefore, must await review of the state-court record.

## IV.

Based upon the foregoing, this Court **DENIES WITHOUT PREJUDICE** Petitioner's motion**.**

**IT IS SO ORDERED.**

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                UNITED STATES DISTRICT JUDGE

Dated: November 1, 2007